```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:06-cr-4-FtM-29NPM

EXUIS LOUIS
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Early Termination of Supervised Release/Motion for Sentence Reduction Under Section 404 of the First Step Act (Doc. #406) filed on May 7, 2020. The government filed a Response (Doc. #407) on May 12, 2020.

**I.   Background**

On September 14, 2006, defendant was convicted by a jury on Counts One, Four, Five, and Six of the Indictment. (Doc. #168.) On December 11, 2006, defendant was sentenced to 121 months as to Count One, Count, and Count Five, to be served concurrently, plus a consecutive term of 60 months imprisonment on Count Six. In addition to the terms of imprisonment, a term of 5 years of supervised release was imposed as to Counts One and Four, and a term of 3 years supervised release as to Counts Five and Six. All terms of supervised release are concurrent terms. (Doc. #190.)

After an appeal, Doc. #261, and the intervening decision in Kimbrough v. United States, 552 U.S. 85 (2007), defendant was scheduled for resentencing on remand. (Doc. #262.) On remand, defendant was sentenced to 120 months of imprisonment as to Counts One, Count Four, and Count Five, and a consecutive term of 60 months as to Count Six. Supervised release remained the same. (Doc. #282.)

On January 29, 2019, noting defendant's potential eligibility for a reduction of his term of imprisonment under Section 404 of the First Step Act, the Federal Public Defender was appointed to review the case. (Doc. #363.) On June 4, 2019, the United States Probation Office issued a Memorandum (Doc. #366) indicating that defendant was indeed eligible for a reduction to 60 months as to Counts One, Four, and Five, plus the 60 month consecutive sentence for a total term of 120 months of imprisonment, and a reduced term of supervised release of 4 years.

Defendant, however, had been released from custody on January 11, 2019, after having served the full 180 month sentence, and he began his five year term of supervised release. On September 25, 2019, counsel filed a Status Report (Doc. #384) indicating an intent to file a motion for reduction of supervised release, or early termination, after defendant's service of one year of supervised release.

**II.   Current Motion**

Defendant, through appointed counsel, now seeks to terminate the remaining term of his supervised release, or alternatively, to reduce his total term of supervised release as to Counts One and Four to 4 years.  The government does not oppose the reduction of the term of supervised release to four years, but argues that early termination is not yet warranted.

**A. First Step Act Reduction**

Both the government and defendant agree that pursuant to the First Step Act the term of supervised release should be reduced from five years to four years.  The Court concurs.  Therefore, the motion will be granted at least as to the request to reduce defendant's supervised release to four years as to Counts One and Four.

**B. Early Termination**

Early termination of supervised release is permissible if, after considering the relevant factors in 18 U.S.C. § 3553(a), the Court concludes that early termination is warranted by the conduct of defendant and the interests of justice.  18 U.S.C. § 3583(e)(1).

Defendant has served 16 months of his supervised release, after over-serving his sentence of imprisonment by about five years.  His supervising officer states that defendant is employed full-time with Palm River Electric and has maintained a stable

residence with his brother in Alva, Florida.  All of defendant's urinalysis drug tests have been negative for any controlled substances, and has appeared motivated with a positive outlook. The government suggests that in "eight months from now if Louis is able to successfully complete at least 24 months of supervised release, early termination may be appropriate."  (Doc. #407, p. 14.)  The government's position is that at least half of the term of supervised release should be served in light of defendant's "offense conduct"

Defendant's "offense conduct" has been punished by his service of a sentence which did not receive the benefit of a statutory reduction to which defendant would have been entitled. The focus of the current motion, however, is defendant's conduct while on supervised release.  The Court concludes that defendant has demonstrated that early termination is warranted by his conduct on supervision and is in the interest of justice.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Early Termination of Supervised Release/Motion for Sentence Reduction Under Section 404 of the First Step Act (Doc. #406) is **GRANTED as follows:**

1. The term of supervised release is reduced to four (4) years instead of five (5) years as to Counts One and Four.

2. The reduced term of supervised release is further terminated **as of noon on May 15, 2020**.

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of May, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
U.S. Probation